TUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X

NATHANIEL JIMENEZ,

        Plaintiff,

    - against -

THE CITY OF NEW YORK,
POLICE OFFICER FERNANDO RODRIGUEZ,
Shield No. 27943, POLICE OFFICER ENLIRAT
GJEVUKAJ, Sheild No. 8576, POLICE OFFICER
PAUL ACOSTA, Shield No. 8576, POLICE OFFICER
SERGEANT ANGEL DELGADO, Sheild No. 5528,

        Defendants.

-----------------------------------------------------------------------------------X

**No. 17 CV 4215 (DLC)**

**AMENDED
COMPLAINT**

**TRIAL BY JURY
DEMANDED**

## PRELIMINARY STATEMENT

    The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against THE CITY OF NEW YORK, POLICE OFFICER FERNANDO RODRIGUEZ, Shield No. 27943, POLICE OFFICER ENLIRAT GJEVUKAJ, Sheild No. 8576, POLICE OFFICER PAUL ACOSTA, Shield No. 8576, POLICE OFFICER SERGEANT ANGEL DELGADO, Sheild No. 5528, police officers of THE NEW YORK CITY POLICE DEPARTMENT, in their individual capacities and against THE CITY OF NEW YORK, to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, plaintiff invokes the pendant jurisdiction of this court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

    It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants

assaulted and battered the person of plaintiff, falsely arrested, and imprisoned him. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2.      This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

3.      All of the actions, omissions, and events complained of took place within the County of Bronx, City and State of New York, and within the venue of this court.

4.      The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5.      The plaintiffs are citizens of the United States and a resident of the County of Bronx, State of New York.

6.      Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7.      At all times hereinafter mentioned the THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8.      Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9.      Defendant THE CITY is responsible for the policies, practices and

customs of NYPD.

10.     Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11.     Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12.     Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13.     NYPD is responsible for the policies, practices and customs of NYPD.

14.     NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15.     NYPD is and was the employer of the personnel named herein as individual defendants.

16.     NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17.     THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18.     THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19.     THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20.     Defendants, POLICE OFFICER FERNANDO RODRIGUEZ, Shield No.

27943, POLICE OFFICER ENLIRAT GJEVUKAJ, Sheild No. 8576, POLICE OFFICER PAUL ACOSTA, Shield No. 8576, POLICE OFFICER SERGEANT ANGEL DELGADO, Sheild No. 5528, police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21.     The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22.     At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

23.     On 01/01/17, plaintiff was lawfully present near his home, located at 1370 St. Nicholas Ave., Apt. 15-J, NY, NY 10033 City and State of NY. While plaintiff was present on the public way near Audubon Ave. And West 181st St., the defendant officers appeared and began to disperse a crowd. Plaintiff was told to leave, and began leaving, when defendant FERNANDO RODRIGUEZ, the arresting officer, began to push him from behind for no reason, plaintiff turned to ask this officer why he was pushing him, whereupon plaintiff was tackled, beaten by the defendant officers, arrested and imprisoned after being rear-cuffed for hours and driven around in a police vehicle and to the 34th Pct. He was processed and placed in a holding cell. After numerous appearances his case was terminated on June 2, 2017 with an ACD.

24.     Plaintiff was lawfully present at the location when Defendants intentionally assaulted and battered the plaintiff herein as specified above in the course of effectuating a false arrest without probable cause to believe the plaintiff herein had committed any crime or offense.

25.     Plaintiff was verbally abused and subjected to verbal intimidation by POLICE OFFICER FERNANDO RODRIGUEZ, Shield No. 27943, POLICE OFFICER ENLIRAT GJEVUKAJ, Sheild No. 8576, POLICE OFFICER PAUL ACOSTA, Shield No. 8576, POLICE OFFICER SERGEANT ANGEL DELGADO, Sheild No. 5528.

26.     Plaintiff was roughly cuffed hands behind his back, and transported to the 34th Pct, and from there to Central Booking, and remained in custody for 12 hours.

27.     Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against him was unnecessary, unreasonable, and excessive.

28.     At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself  or others. He had committed no criminal offenses.

29.     The defendants had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to perform an unconstitutional seizure of the person of the plaintiff.

30.     Upon information and belief,. Plaintiff was not listed as or described as a suspect or target on any warrant or application for any warrant.

31.     Defendants charged plaintiffs with disorderly conduct, resisting arrest and obstruction of governmental administration. Defendants knew plaintiff had not committed this offenses.

32.     The officers had no probable cause to arrest the plaintiff for this crime, or any other.

33.     At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff

34.     As a result of the foregoing plaintiff suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of his constitutional rights.

35.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support

and the authority of their office to each other during said events.

36.     All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

37.     THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

38.     If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

39.     On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

40.     On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

41.     On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

42.     On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

43.     Then individual officers are sued in their official capacities.

44.     The individual officers are sued also in their official capacities.

45.     The individual officers reside in the state of New York.

46.     At all pertinent times the individual defendants acted under color of state law.

47.     At all pertinent times there was no justification for the level of force used by the police officers referenced herein.

48.     The force used by the officers could not be justified by self defense.

49.     The police officers referenced herein acted with actual malice towards plaintiff, and with willful, wanton indifference to and deliberate disregard of the statutory and constitutional rights of plaintiff.

50.     The City council and Mayor are the policy makers with the City.

51.     The Police Commissioner of the City is a policy maker.

52.     The City was at all relevant times aware, or should have been aware that the police commissioner within it's city was overseeing the discipline of it's officers.

53.     The City had an official policy of failing to train supervise and discipline it's officers with regard to excessive force, and therefore encouraging the use of excessive force.

54.     The City at all relevant times had a custom, by virtue of the practices of it's policy makers, the including it's city council, mayor and police commissioner, of encouraging the use of excessive force on the part of it's police officers by failing to, among other things, train supervise and discipline it's officers

55.     At al relevant times, the custom of the City and NYPD to inadequately train supervise and discipline it's officers, has demonstrated a deliberate indifference to the rights of individuals which the officers of NYPD would interact with, including plaintiff.

56.     The custom of the City and NYPD's inadequately training, supervising  and disciplining it's officers, has actually caused the use of force in an excessive manner against plaintiff on 01/01/17.

57.     It was plainly apparent, or should have been, at all relevant times, to the

City policy makers, that further training and supervision was necessary, especially in view of the epidemic of excessive force allegations against the City and NYPD.

58.    The CITY and NYPD permitted and tolerated a pattern and practice of unreasonable use of force by it's police officers.

59.    The acts, omissions and systemic flaws, policies and customs of the City and NYPD caused the NYPD officers including those named herein to believe that excessive and unreasonable use of force would not be aggressively, honestly and properly investigated, with the likely result that officers are more likely to use excessive and/or unreasonable force against the plaintiff and others.

60.    The City and NYPD has, at all relevant times, had a custom and practice of inadequately training, supervising disciplining and/or investigating it's police officers, who are involved in and/or alleged to be involved in incidents involving use of force in an excessive manner, which has been, at all relevant times, well known to the policy makers.

61.    The NYPD has a longstanding custom and practice of failing to adequately discipline and investigate incidents and allegations of excessive force.

62.    The policy makers of the City and NYPD are aware of the custom and practice of failing to adequately discipline and investigate incidents and allegations of excessive force.

63.    The City and NYPD have at all relevant times failed to adequately train, supervise and investigate their officers, in view of the previous pattern of of excessive force violations, which has been brought to the attention to the City, NYPD and their policy makers.

64.     If the City and NYPD and/or their policy makers had taken the necessary steps to adequately train, supervise and discipline it's police officers as to the use of force, including excessive force, the high number of violations, including that of the plaintiff herein described, would not have occurred.

65.    The policy makers of the City and NYPD have been deliberately indifferent to the high likelihood of continued use of excessive force on the part of the officers of the

NYPD.

66.     It was plainly obvious before the incident involving plaintiff to the City and NYPD policy makers that further training and supervision of the NYPD officers has been and continues to be necessary in view of the high number of excessive force complaints.

67.     In this case, in addition to municipal liability being clear based on a custom and failure to train-supervise, it is clear through a plain and natural inference, based on the conduct of the multiple officers involved in the incident occurring on January 1, 2017, that official policy and custom condones the use of excessive force.

68.     The inadequate training and supervision amounts to a deliberate indifference to the rights of the public and was the proximate cause of the deprivation of the plaintiff's rights alleged herein.

69.     The custom of excessive force alleged herein is widespread and repetitive.

70.     As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiff suffered the following injuries and damages:

> a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person:
> b. Loss of physical liberty:
> c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

71.     The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

> a. Freedom from unreasonable seizure of his person.
> b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## FEDERAL CAUSES OF ACTION
### COUNT I
### 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

72.    Paragraphs 1 through 71 are incorporated herein by reference as though fully set forth.

73.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants THE CITY OF NEW YORK, POLICE OFFICER FERNANDO RODRIGUEZ, Shield No. 27943, POLICE OFFICER ENLIRAT GJEVUKAJ, Sheild No. 8576, POLICE OFFICER PAUL ACOSTA, Shield No. 8576, POLICE OFFICER SERGEANT ANGEL DELGADO, Sheild No. 5528, for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial. .

### COUNT II

### 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NNYPD

74.    Paragraphs 1-73  are incorporated herein by reference as though fully set forth.

75.    Prior to January 1, 2017, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

76.    It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

77.    It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

78.    As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not

be sanctioned or investigated, but would be tolerated.

79.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

80.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III.  ASSAULT AND BATTERY

81.    The allegations of Paragraphs 1-80 are incorporated by reference herein as though fully set forth.

82.    The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-26 above, and thereby assaulted and battered the plaintiff.

83.    The assault and battery aforesaid were without probable cause.

84.    The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-26 above, and thereby assaulted and battered the plaintiff.

85.    The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting the plaintiff.

86.    As a result of the aforesaid assault and battery, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV FALSE ARREST AND IMPRISONMENT

87.    The allegations of Paragraphs 1-86 are incorporated by reference herein as though fully set forth.

88.    The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-26 above, and thereby confined the plaintiff without privilege.

89.    The confinement aforesaid was without probable cause or privilege.

90.    The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-26 above, and thereby confined the plaintiff without privilege.

91.    The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

92.    As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
        September 21, 2017

JOHN P. GRILL Grill9446
For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512 (917) 601-5507